UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY DEAN BARREN, SR., <br><br> Plaintiff, <br><br> v. <br><br> TALEEN PANDUKHT, ANN MARIE DUNN, CRYSTAL ELLER, STATE OF NEVADA, <br><br> Defendants. | Case No. 2:23-cv-01414-APG-NJK <br><br> **Order Accepting Report and Recommendation and Dismissing Case** <br><br> (ECF No. 7) |

Magistrate Judge Koppe recommends that I dismiss Gregory Dean Barren, Sr.'s amended complaint because Barren's claims are barred by the *Rooker-Feldman* doctrine. ECF No. 7. Barren objects to that recommendation. ECF No. 8. I have conducted a de novo review of the issues in Judge Koppe's Report and Recommendation as required by Local Rule IB 3-2. I accept her recommendation and dismiss the amended complaint.

In his amended complaint, Barren demands that I order the state court (1) to strike its order denying Barren's motion for writ of *error coram nobis*, and (2) to either (a) grant Barren's motion, or (b) allow Barren to proceed on that motion without any opposition. ECF No. 6 at 11. That relief is precisely what the *Rooker-Feldman* doctrine prohibits. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court."). Thus, Judge Koppe's analysis is correct.

Barren's objection to the recommendation asserts that he is not seeking to challenge the state court's decision. Rather, he argues he is trying to assert claims against the state court judge and prosecutors for violating his constitutional and statutory rights. ECF No. 8 at 5-6. But as noted above, the relief demanded in his amended complaint is for me to overturn the state court's decision, which is prohibited by the *Rooker-Feldman* doctrine. And even if Barren is asserting

violations of his rights, his claim still fails.  Barren's amended complaint is based entirely on his contention that, in denying his motion for a writ, the state judge copied the prosecutors' oppositions to that motion as her own.  *See* ECF No. 6 at 6-11.  But even if that is true, that does not give rise to a valid claim.  Nothing prohibits a judge from adopting a party's proposed findings and conclusions, even verbatim.  And nothing prohibits a judge from adopting language from a party's brief, even verbatim, as the judge's own ruling.  Such actions do not violate a party's constitutional or statutory rights.[1]  Further attempts at amendment would prove futile, so I adopt Judge Koppe's findings and conclusions, as supplemented above, and I accept her recommendation to dismiss this case.

      I THEREFORE ORDER that Judge Koppe's Report and Recommendation **(ECF No. 7) is accepted**, and this case is DISMISSED.  The clerk of the court is kindly directed to enter judgment accordingly and close this file.

Dated:  December 29, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] In addition, the claims against Judge Eller are likely barred by judicial immunity, and the prosecutors may have immunity for their actions taken in connection with a court case.  I make no findings or conclusions on these issues.